| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF LANCASTER | ) | |
| | ) | |
| ALICE H. REEVES | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2017-CP - 29- 22c |
| vs. | ) | |
| | ) | |
| TRINITY MEYER UTILITY STRUCTURES, LLC. | ) | |
| Defendant(s) | ) | |

| Submitted By: Wilson P. Davis | SC Bar #: | 100062 |
|---|---|---|
| Address: Davis & Davis, P.A. | Telephone #: | 1.803.475.3737 |
| 118 East Hilton Street | Fax #: | 1.803.475.8918 |
| Kershaw, South Carolina 29067 | Other: | |
| | E-mail: | wilson@davislaw.me |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled-out completely signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete

- ☒ JURY TRIAL demanded in complaint.  ☐ NON-JURY TRIAL demanded in complaint.
- ☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| Warranty (160) | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☒ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199) _____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| _____ | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured | ☐ Worker's Comp (960) |
| | | Settlement Payment Rights | ☐ Zoning Board (970) |
| | | Application (760) | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| Special/Complex /Other | | ☐ Petition for Workers | |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | Compensation Settlement | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | Approval (780) | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) _____ | _____ |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in | | |
| ☐ Sexual Predator (510) | an Out-of-County Action (660) | | |
| ☐ Permanent Restraining Order (680) | ☐ Pro-Suit Discovery (670) | | |

Submitting Party Signature: _____  Date: February 17, 2017

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

Exhibit 1

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1.  The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2.  The initial ADR conference must be held within 300 days after the filing of the action.

3.  Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4.  Cases are exempt from ADR only upon the following grounds:

    a.  Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b.  Requests for temporary relief;

    c.  Appeals

    d.  Post Conviction relief matters;

    e.  Contempt of Court proceedings;

    f.  Forfeiture proceedings brought by governmental entities;

    g.  Mortgage foreclosures; and

    h.  Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5.  In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6.  Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**     **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS

COUNTY OF LANCASTER )  Case No.: 2017-CP-29- _220_

ALICE H. REEVES, )

           Plaintiff, )  **SUMMONS**

v. )

           )  **(Jury Trial Demanded)**

TRINITY MEYER UTILITY )
STRUCTURES, LLC, (f/k/a )
TRINIT Y MEYERS, INC.) )

        Defendant. )

TO THE DEFENDANT ABOVE-NAMED:

      YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in this action, of

which is copy is herewith served upon you, and to serve a copy of your Answer to said Complaint on

the below subscribed attorney at his office at 118 East Hilton Street, Kershaw, South Carolina

29067 within thirty (30) days after the service hereof exclusive of the day of such service; and if

you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to

the Court for the relief demanded in this action.

           Respectfully submitted,

           By: _____
           Wilson P. Davis
           Davis & Davis, P.A.
           118 East Hilton Street
           Post Office Box 356
           Kershaw, SC 29067
           p. (803) 475.3737
           f. (803) 475.8918
           wilson@davislaw.me
           SC Bar #: 100062

           Attorney for Plaintiff

February _17_, 2017
Lancaster, South Carolina

*[Clerk of Court filing stamp: 2017 FEB 17 PM 5:00 — CLERK OF COURT LANCASTER, SC — FILED OFFICE OF CLERK OF COURT]*

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | IN THE SIXTH JUDICAL CIRCUIT |
| COUNTY OF LANCASTER | ) | Case No.: 2017-CP-29- 220 |
| | ) | |
| ALICE H. REEVES, | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | (Jury Trial Demanded) |
| | ) | |
| TRINITY MEYER UTILITY | ) | |
| STRUCTURES, LLC (f/k/a TRINITY | | |
| INDUSTRIES, INC.), | | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Alice H. Reeves, through her undersigned attorney, hereby makes the following complaint against Defendant:

## PARTIES, VENUE, AND JURISDICTION

1.    Plaintiff, Alice H. Reeves (hereinafter "Plaintiff") is a citizen and resident of Lancaster County, South Carolina.

2.    Upon information and belief, Defendant, Trinity Meyer Utility Structures, LLC (hereinafter referred to as "Defendant"), formerly known as Trinity Industries, Inc., is a Limited Liability Company incorporated in the State of Delaware and maintaining and operating a steel manufacturing facility in Lancaster County, South Carolina. Defendant employs individuals in Lancaster County, South Carolina and conducts business in Lancaster County, South Carolina.

3.    The Defendant employs a sufficient number of employees to be subject to this action.

1

4.     Upon information and belief, Plaintiff was initially hired on December 5, 2007, by the corporate entity Thomas & Betts, Inc. In 2014, Defendant acquired the Lancaster County facility from Thomas & Betts, Inc. (herein "Thomas & Betts").

5.     Defendant is liable for any and all acts of discrimination committed by Thomas & Betts as Defendant is a successor entity to Thomas and Betts since only minor changes took after Defendant acquired the manufacturing plant from Thomas & Betts and place or location in the manufacturing facility as the same facility was used, the Defendant mostly used the same or substantially the same work force and supervisory personnel, the Defendant used the same machinery, equipment and methods of production, the Defendant produced the same product and Defendant had notice of discriminatory acts committed against Plaintiff and Defendant failed to provide any relief to the Plaintiff.

6.     All or the majority of the substantial part of either the acts, omissions, and/or occurrences giving rise to this action occurred in Lancaster County, South Carolina. The parties have sufficient connections to Lancaster County, South Carolina and jurisdiction is proper.

7.     This Court has jurisdiction over the parties.

8.     This action alleges discrimination against Plaintiff because of her sex and age and retaliation for reporting illegal discrimination. The allegations are violations of the South Carolina Human Affairs law, Title VII of the Civil Rights Act of 1964, as amended, and the American with Disabilties Act ("ADA"). This action also alleges violations of South Carolina common law and statutory law.

9.     Plaintiff filed a Charge of Discrimination with the South Carolina Human Affairs Commission, SCHAC Complaint Number 2-16-171A,S,RET, EEOC Deferral As 14C-2016-00709. The South Carolina Human Affairs Commission issued Plaintiff a Notice of Right to

2

Sue, which is attached hereto as **Exhibit A** and is incorporated herein by reference. Plaintiff has satisfied all agencies, administrative and judicial prerequisites to the institution of this action and this action is timely brought before the Court.

## FACTUAL ALLEGATIONS

10.    Plaintiff reaffirms and reiterates all allegations above as if fully repeated and are incorporated herein verbatim.

11.    Plaintiff, a white female, and she is licensed as a Certified Public Accountant ("CPA").

12.    Plaintiff began her employment at the Lancaster County Manufacturing facility on or about December 5, 2007.

13.    Plaintiff initially worked for the corporate entity Thomas & Betts. Defendant acquired Thomas & Betts in 2014.

14.    Plaintiff worked as an accountant during her eight years of employment at the Lancaster Facility and she held the position title of "Plant Controller".

15.    Plaintiff was terminated for cause on February 19, 2016, via telephone, by her supervisor and Plant Manager Mike Scutella.

16.    On the date of her termination, Plaintiff was over the age of fifty had over twenty-five years of professional work experience in her field.

17.    Upon information and belief, Plaintiff did not have any disciplinary actions in her employment history and she had no notice from Defendant that her employment may be terminated for any reason, especially any reason concerning her work performance.

18.    Plaintiff had a history of receiving positive Annual Performance Review about her job performance.

3

19. The first time Defendant ever issued Plaintiff a negative evaluation occurred in 2015 when Plaintiff received a below expectations ranking in the category of forecasting. That year Plaintiff received satisfactory to excellent reviews in all other categories.

20. Plaintiff received merit raises during her employment tenure and had continuously received positive feedback on her job performance.

21. In 2014, Plaintiff received an award from Defendant for her outstanding work in the area of Forecasting.

22. At all relevant times, Defendant employed Mike Scutella as Defendant's Lancaster County Plant Manager. Mike Scutella (herein "Scutella") served as Plaintiff's supervisor.

23. As the Plant Manager, Mike Scutella was responsible for Plaintiff's Annual Performance Review.

24. On or about January 22, 2016, Plaintiff received her 2015 Annual Performance Review from Defendant. Plaintiff received satisfactory performance reviews in every category of this annual review except for the category of "Forecasting." Plaintiff received a "below expectations" rating in the area of Forecasting.

25. On or about January 25, 2016, Plaintiff met with Scutella to discuss her 2015 Annual Review.

26. Upon information and belief, Mike Scutella informed Plaintiff he submitted a satisfactory rating concerning Plaintiff's Forecasting in 2015. Scutella was unable to explain Plaintiff's negative review and he directed Plaintiff to file a written response to Defendant in order to dispute and address concerns with the rating.

27. Plaintiff complied with Scutella's request and submitted a written response to Defendant disputing the negative rating and providing she properly forecasted sales using data provided by Defendant.

28. Upon information and belief, every Plant Controller employed by Defendant missed their forecast in 2015. Upon information and belief, Plaintiff was the only Plant Controller terminated for this reason.

29. Upon information and belief, Defendant held a meeting consisting of upper management and plant controller and held during the month of December 2016, Defendant acknowledged the Plant Controllers were not provided with proper tools and data necessary to adequately complete their monthly forecasting in 2015.

30. On February 19, 2016, Plant Manager Mike Scutella terminated Plaintiff over the telephone. Scutella, at that time, informed Plaintiff the reason for her termination was upper management was upset with her written response disputing her 2015 Annual Performance.

31. Mike Scutella at all relevant times in this action served as Defendants agent and was working within the scope of his employment as Plant Manager.

32. On March 8, 2016, Defendant's legal counsel informed Plaintiff her termination was solely due to alleged errors made on Complaint's 2015 Monthly Forecasting Reports.

33. Defendant, at the time of Plaintiff's termination, contractually owed Plaintiff compensation for work performed and payable in the form of a monetary bonus which included stock options. Defendant has wrongfully, intentionally, and in bad faith refused to honor said contractual obligation.

## **FOR A FIRST CAUSE OF ACTION**
### **(Gender Discrimination / Sexual Harassment)**

33.     Plaintiff reaffirms and reiterates all allegations above as if fully repeated and are incorporated herein verbatim.

33.     Plaintiff, a white female, was subjected to disparate standards, condition and was discharged because of her gender.

34.     Plaintiff is classified as employee and Defendant is an employer pursuant to all applicable State and Federal law as Defendant employees well over twenty employees just their in Lancaster County facility and Defendant is not a governmental agency, a private club, or an am Indian Tribe.

35.     Defendant had a satisfactory job performance while employed by Defendant.

36.     Defendant was discriminated against while employed by Defendant as, upon information and belief, Defendant was paid less than male employees holding the same job position and having the same or less professional experience and education in the field.

37.     Defendant was treated differently from Defendant's male employees holding the position of Plant Manager by the follow:

>    (a)     Defendant was at least as qualified, if not more qualified, than every male Defendant employed as a Plant Controller. Upon information and belief, Defendant was the only Plant Controller to have an active Certified Public Accountant License and her professional experience was equal, if not greater, than all male Plant Controllers employed by Defendant.

>    (b)     Defendant had a satisfactory job performance and satisfactory job employment history with Defendant.

6

(c)     Upon information and belief, Defendant has a history of employing males to fill the position of Plant Controller and the clear majority of Plant Controllers currently employed by Defendant are male.

(d)     Every Plant Controller employed by Defendant missed their Forecasting Predictions during the 2015 year. No male was terminated because for missing the Forecasting Results.

(e)     Defendant's actions of terminated Plaintiff is contrary to Defendant's policy expressly written in Defendant's Employment Handbook Manual.

(f)     At least one male plant controller made a significant error in his monthly forecast. Defendant provided this male employee with hands on training to aid and assist him in his position. Plaintiff was never offered such training by Defendant and Plaintiff did not make a significant error in her monthly forecasts.

(g)     A Plant Controller's ability to Forecasting can be reviewed and judges objectively based upon the forecast and the actual results. The closer a forecast is to the actual monthly result, the better the Forecast. Upon information and belief, using such   objective standard, Plaintiff would rank as one of Defendant's top Forecasters in 2015.

(f)     Defendant provided all male controllers with an assistance (called a Cost Accountant) to aid in their job performance. Plaintiff was the only Plant Controller who was denied the assistance of a Cost Account and Defendant denied Plaintiff's request for a Cost Accountant.

7

(g) Without a Cost Accountant, Plaintiff had a higher work load than the all male Plant Controllers employed by Defendant.

(h) Defendant was treated differently from male Plant Controllers as Defendant was subjected to sexual harassing statements made by upper management. Defendant was once asked by her supervisor Mike Scutella whether she would share a seat with him on an airplane and also implied a business trip would be sexual in nature.

(i) Such comments made to Plaintiff were unwelcome and unwanted and made by Plaintiff's supervisor.

(i) Plaintiff followed Defendant' policy and reported this inappropriate statement to both Neva McGruggar at Defendant's Human Resources Office and to Vice President Joe Schenept. Defendant did not take any action to assist or protect Plaintiff from such behavior.

(j) Upon information and belief, other female workers made similar complaints and Defendant refused to assist and protect those females from a hostile work environment.

(k) Upper management commonly referred to female workers differently than male workers as female workers would be "girls." Plaintiff informed her supervisor that using language is offensive, derogatory, and sexist yet the offensive term continued for female employees.

38. Conduct by the Defendant and agents of the defendant is in violation of Title VII of the Civil Rights Act, The Equal Pay Act, and the South Carolina Human Affairs law and said conduct created a hostile work environment for Plaintiff.

8

39.    As a direct and proximate result of Defendant's conduct, Plaintiff her lost employment.  Plaintiff has been damaged emotionally for having to endure a hostile work environment for years and Plaintiff has been unable to find substitute employment with income and benefits comparable to the position from which she was discharged.  Plaintiff has suffered, and will continue to suffer loss of employment, loss of past, present, and future income, increased medical expenses, pain and suffering, inconvenience, loss of enjoyment of life, damage to her reputation, mental anguish, humiliation, emotional distress, back pay, front pay, and, other direct, consequential and punitive damagesm attorney fees, and costs.

## FOR A SECOND CAUSE OF ACTION
### (Age Discrimination)

40.    Plaintiff reaffirms and reiterates all allegations above as if fully repeated and are incorporated herein verbatim.

41.    During all times relevant to this action, Plaintiff and Defendant satisfied the definitions of employee and employer pursuant to all applicable State and Federal Law.

42.    At the time of her termination, Plaintiff was over fifty years of age and performed her duties, at a minimum, to Defendant's legitimate expectations.

43.    Upon information and believe, Plaintiff was treated in a manner in a disparate manner because of her age and in violation to the ADEA and the South Carolina Human Affairs law.

44.    Upon information and belief, Defendant since terminating Plaintiff has advertisement Plaintiff's former position in a manner which would attract younger applicants as Defendant is not requiring applicants have an extensive professional experience in the field.

45.    Upon information and belief, Plaintiff has a history of age discrimination.

9

46.     As a direct and proximate result of Defendant's intentional discrimination, Plaintiff lost employment at a time when employment opportunities are limited. Plaintiff has been damaged emotionally and has been unable to find substitute employment with income and benefits comparable to the position from which she was discharged. Plaintiff has suffered, and will continue to suffer loss of employment, loss of past, present, and future income, increased medical expenses, pain and suffering, inconvenience, loss of enjoyment of life, damage to her reputation, mental anguish, humiliation, emotional distress, and, other direct and consequential damages.

## FOR A THIRD CAUSE OF ACTION
## (RETALIATION)

47.     Plaintiff reaffirms and reiterates all allegations above as if fully repeated and are incorporated herein verbatim.

48.     During all relevant times herein, Plaintiff and Defendant satisfied the definition of employment and employer pursuant to applicable state and federal law.

49.     Plaintiff reported sexual harassment and gender discrimination to Defendant's human resources department. Specifically, Plaintiff reported that Mike Scutella, her supervisor, was engaged in a course of conduct of harassing, intimidating, and threating Plaintiff and other females working for Defendant. Such behavior is detailed in the above paragraphs.

50.     Defendant was discharged due to the complaints made which are in violations of State and Federal law and violate Defendant's written policy concerning reporting such violations.

51.     As a direct and proximate result of Defendant's knowing and intentional retaliating against Plaintiff for exercising her law rights, Plaintiff lost employment at a time

10

when employment opportunities are limited. Plaintiff has been damaged emotionally and has been unable to find substitute employment with income and benefits comparable to the position from which she was discharged. As a direct and proximate result and consequence of Defendant's knowing and intentional violation of her rights under the ADEA, Plaintiff has suffered, and will continue to suffer loss of employment, loss of past, present, and future income, increased medical expenses, pain and suffering, inconvenience, loss of enjoyment of life, damage to her reputation, mental anguish, humiliation, emotional distress, and, other direct and consequential damages.

## FOR A FOURTH CAUSE OF ACTION
### (WRONGFUL DISCHARGE / BREACH OF CONTRACT)

52. Plaintiff reaffirms and reiterates all allegations above as if fully repeated and are incorporated herein verbatim.

53. Plaintiff was employed at the Lancaster County facility as a Plant Controller for over eight years and her job performance met or exceeded the expectations of Defendant.

54. Upon information and belief, Defendant distributed policies and procedures in the form of a document labeled "Employee Handbook Manual."

55. Upon information and belief, the policies promulgated by Defendant are state din mandatory and/or promissory language, which along with Defendant's course of dealing and practices, established a contractual relationship with Plaintiff that altered Plaintiff's at-will employment and obligated Defendant to protect Plaintiff from workplace discrimination and retaliation for reporting any such discrimination.

56. Plaintiff has been provided two explanations for her termination. Plaintiff was initially informed her termination was due to her response to her 2015 Annual Review.

11

Defendant's Employee Handbook Manual expressly allows and encourages Defendant to report such concerns to defendant. Further, Defendant was directed by her supervisors to write said response. Any negative action taken for such reporting is contrary to Defendant's Employee Manual and the terms of Plaintiff's employment.

57.    The second explanation provided by Defendant for Plaintiff's termination is her 2015 Annual Review where she received a negative review in the category of forecasting. Defendant's employee handbook classifies a negative review as a minor offense and provides the minor punishments for such violation. The manual outlines offenses whereby an employee may be terminated. The manual does not allow Defendant to terminate Plaintiff for the first time offense of receiving a minor violation.

58.    As a direct and proximate result and consequence of Defendant contractual violations of their policy, has suffered, and will continue to suffer loss of employment, loss of past, present, and future income, increased medical expenses, pain and suffering, inconvenience, loss of enjoyment of life, damage to her reputation, mental anguish, humiliation, emotional distress, and, other direct and consequential damages and any such award as deemed just by the Court.

### FOR A FIFTH CAUSE OF ACTION
#### (Breach of Contract)

59.    Defendant and Plaintiff entered a contractual agreement whereby Defendant agreed to compensate Plaintiff stock options and bonus if certain goals were met by Plaintiff.

60.    Plaintiff satisfied the contractual conditions and requested payment from Defendant.

61.    Defendant has wrongfully and intentionally refused to pay Plaintiff the amount owed.

62.    Defendant is aware of Plaintiff's financial strain due to her termination of employment and Defendant is aware of the harm to Plaintiff because of Defendant's willful and badfaith refusal to pay contractual benefits

63.    As a direct and proximate result and consequence of Defendant's intentional refusal to pay benefits owed, Plaintiff has suffered, and will continue to suffer from loss of the bonus owed, pain and suffering, inconvenience, loss of enjoyment of life, damage to her reputation, mental anguish, humiliation, emotional distress, and, other direct and consequential damages.

## FOR A SIXTH CAUSE OF ACTION
### (Wrongful Termination / Violation of Public Policy)

64.    Plaintiff reaffirms and reiterates all allegations above as if fully repeated and are incorporated herein verbatim.

65.    As detailed and fully set forth and described herein, Defendant unlawfully discriminated against Plaintiff, ignored the reports of Plaintiff and others concerning such discrimination, forced Plaintiff to work with an individual which Plaintiff filed a complaint against for unlawful and discriminatory acts, and created an hostile working environment and then discriminated against Plaintiff through the termination of her employment.

66.    Defendant created an intolerable and hostile conduct toward Plaintiff, because of her age and/or gender and directly and proximately caused Defendant to discharge Plaintiff.

67.    Such discharge violates the public policy of the State of South Carolina and entitled Plaintiff to damages, including punitive damages, to be determined by a jury.

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, for actual, special, consequential, and punitive in an appropriate amount, for the costs of this action, and for such other and further relief as this Court might deem just and proper.

Respectfully submitted,

DAVIS & DAVIS, P.A.

By: _____

Wilson P. Davis
Attorney for the Plaintiff
South Carolina Bar #: 100062
Post Office Box 356
118 East Hilton Street
Kershaw, South Carolina 29067
Office:      803.475.3737
Facsimile: 803.475.8918
wilson@davislaw.me

Lancaster, South Carolina

This 17th day of February, 2017

14

3/29/2017

Public Index Search



# Lancaster County
# Sixth Judicial Circuit
# Public Index



Lancaster County Home Page   South Carolina Judicial Department Home Page   SC.GOV Home Page

| Switch View |
| --- |

## Alice H Reeves VS Trinity Meyer Utility Structures, LLC

| Case Number: | 2017CP2900220 | Court Agency: | Common Pleas | Filed Date: | 02/17/2017 |
| --- | --- | --- | --- | --- | --- |
| Case Type: | Common Pleas | Case Sub Type: | Empl Discrim 170 | File Type: | Mediator - Jury |
| Status: | Pending/ADR | Assigned Judge: | Clerk Of Court C P, G S, And Family Court | | |
| Disposition: | | Disposition Date: | | Disposition Judge: | |
| Original Source Doc: | | Original Case #: | | | |
| Judgment Number: | | Court Roster: | | | |

**Case Parties**   Judgments   Tax Map Information   Associated Cases   **Actions   Financials**

Click the 🔽 icon to show associated parties.

| Name | Address | Race | Sex | Year Of Birth | Party Type | Party Status | Last Updated |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 🔽 Davis, Wilson Pearce | Davis & Davis PO Box 356 Kershaw SC 29067 | | | | Plaintiff Attorney | | 02/20/2017 |
| fka Trinity Meyers, Inc | | | | | Defendant | | 03/03/2017 |
| 🔽 Reeves, Alice H | | | | | Plaintiff | | 02/20/2017 |
| 🔽 Trinity Meyer Utility Structures, LLC | | | | | Defendant | | 02/20/2017 |
| 🔽 Trinity Meyer Utility Structures, LLC | | | | | Defendant Pro Se | | 02/20/2017 |

CMSWeb 6.1 © 2013 South Carolina Judicial Department • All rights reserved



# Lancaster County
## Sixth Judicial Circuit
## Public Index



Lancaster County Home Page   South Carolina Judicial Department Home Page   SC.GOV Home Page

Switch View

### Alice H Reeves VS Trinity Meyer Utility Structures, LLC

| Case Number: | 2017CP2900220 | Court Agency: | Common Pleas | Filed Date: | 02/17/2017 |
| --- | --- | --- | --- | --- | --- |
| Case Type: | Common Pleas | Case Sub Type: | Empl Discrim 170 | File Type: | Mediator - Jury |
| Status: | Pending/ADR | Assigned Judge: | Clerk Of Court C P, G S, And Family Court | | |
| Disposition: | | Disposition Date: | | Disposition Judge: | |
| Original Source Doc: | | Original Case #: | | | |
| Judgment Number: | | Court Roster: | | | |

Case Parties   Judgments   Tax Map Information   Associated Cases   Actions   Financials

| Name | Description | Type | Motion Roster | Begin Date | Completion Date | Documents |
| --- | --- | --- | --- | --- | --- | --- |
| Reeves, Alice H | ADR/Alternative Dispute Resolution (Workflow) | Action | | 09/15/2017-17:00 | | |
| Reeves, Alice H | Summons & Complaint | Filing | | 02/17/2017-17:00 | | |

CMSWeb 6.1 © 2013 South Carolina Judicial Department • All rights reserved